IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

VETERAN PAYMENT SYSTEMS, LLC,          )
                                        )
          Plaintiff,                    )
     v.                                 )      1:15CV379
                                        )
TIMOTHY A. GOSSAGE, et al.,             )
                                        )
          Defendants.                   )

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendants Timothy A. Gossage ("Defendant Gossage") and Mainstream Merchant Services, Inc.'s ("Defendant MMS") Joint Oral Motion to Dismiss for Failure to Prosecute. Plaintiff Veteran Payment Systems, LLC ("Plaintiff") filed this action on March 28, 2014 in Ohio state court seeking "enforcement, and damages for breach, of former employee's restrictive covenant not to compete and solicit Plaintiff's customers." [Doc. # 1-1.] Defendant MMS removed the case to federal court in the Northern District of Ohio [Doc. # 1] and the case was subsequently transferred to the Middle District of North Carolina on February 10, 2015 [Doc. # 15].

By order dated June 4, 2015, this Court granted Plaintiff's attorneys' separate Motions to Withdraw. [Doc. # 28.] One basis for granting the Motions was counsels' inability to communicate with Plaintiff, despite repeated attempts. (Id. at 1.) After granting the Motions to Withdraw, the Court stayed the case for 30 days to allow Plaintiff time to retain new counsel, noting that a limited liability corporation cannot proceed *pro se* in federal court. (Id. at 2.) As of August 27, 2015, no attorney has entered an appearance on behalf of Plaintiff.

The Court held an Initial Pretrial Conference in this matter on August 20, 2015.

Present was Defendant Gossage, proceeding *pro se*, and counsel for Defendant MMS. Plaintiff failed to appear, and Defendants Gossage and MMS jointly moved the Court to dismiss the case based on Plaintiff's failure to prosecute. (See Minute Entry dated August 20, 2015.)

Federal Rule of Civil Procedure 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In determining whether such a dismissal is warranted, the Court must consider "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (quoting Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978)).

In the present case, Plaintiff bears responsibility for its failure to prosecute this matter in a timely fashion. In its prior order, the Court, citing Rowland v. Cal. Men's Colony, 506 U.S. 194 (1993), informed Plaintiff that it may only appear in federal court through licensed counsel. [Doc. # 28 at 1.] After staying the matter for 30 days to afford Plaintiff an opportunity to retain new counsel, the Court warned Plaintiff that "failure to retain counsel may result in dismissal of this action." (Id. at 2.) Despite being given that opportunity and that warning, no attorney has appeared for Plaintiff. As previously discussed, Plaintiff cannot appear in this case without counsel. Moreover, after initiating transfer of the case to this District, Plaintiff has taken no part in the litigation. As noted above, Plaintiff's original counsel was unable to contact Plaintiff despite numerous attempts, and recently Plaintiff failed to appear at the Initial Pretrial Conference. Under these circumstances, any sanction short of

2

dismissal would be inappropriate and would unjustly prejudice the Defendants. Accordingly, the Court recommends dismissal of the action with prejudice. See Link v. Wabash R. Co., 370 U.S. 626, 629 (noting a federal trial court's authority to dismiss a plaintiff's action with prejudice for failure to prosecute).

In light of this Recommendation, and in light of Plaintiff's failure to appear at the Initial Pretrial Conference, the Court will not set a pretrial schedule. However, if Plaintiff retains counsel and files timely objections to this Recommendation, the matter should be referred back to the undersigned for further consideration.

IT IS THEREFORE RECOMMENDED that Defendant Gossage and Defendant MMS' Joint Oral Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) be GRANTED, and that this action be DIMISSED with prejudice.

This, the 27th day of August, 2015.

/s/ Joi Elizabeth Peake
United States Magistrate Judge